UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE ANDERSON, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22 CV 710 JMB |
| L. KEELEY CONSTRUCTION, | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant L. Keeley Construction's Motion to Dismiss (Doc. 7). For the reasons set forth below, the motion is **GRANTED**.

## Background

Plaintiff Nicole Anderson filed a complaint on July 5, 2022, alleging that her employment was terminated in violation of the Americans with Disabilities Act (ADA), 41 U.S.C. §§ 12101, *et seq*. and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*. She specifically alleges that she was employed by L. Keeley Construction as a laborer at the Centene Stadium construction site. In late December, 2020, she contracted a COVID-19 infection and became ill, an illness that included COVID-19 related pneumonia requiring an emergency room visit. After the illness abated and after the recommended quarantine period elapsed, she was ready and willing to return to work on January 11, 2021. However, her employer informed her on January 7, 2021, that her position had been filled and that her employment was terminated.

**Discussion**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017)

(citation omitted).  Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).  Thus, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).  Stated more comprehensively, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean, 858 F.3d at 526 (quoting Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (internal quotation and citation omitted)).  Notwithstanding Plaintiff's argument, there are no factual matters outside the pleadings that the Court has considered.

Claims made pursuant to the ADA and the Rehabilitation Act[1] are generally analyzed under the same standard.  Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013).   Both acts prohibit discrimination against any "qualified individual on the basis of disability." 42 U.S.C. § 12112(a); 29 U.S.C. § 794.  As an initial matter, to prevail on such a claim, plaintiff must allege that she is disabled within the meaning of the ADA, as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA).   Hill, 737 F.3d 1216; Minnihan v. Mediacom Communications Corp., 779 F.3d 803, 810 (8th Cir. 2015).  The ADA as amended defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as

---

[1] It is unclear from the Complaint whether the Rehabilitation Act would apply to Plaintiff; there is no allegation that Defendant is a federal contractor or accepts federal funds.  See Wojewski v. Rapid City Regional Hosp., Inc., 450 F.3d 338, 345 (8th Cir. 2006) (outlining differences between the ADA and the Rehabilitation Act).

having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking" among similar activities. Id. § 12102(2). The actual name of a disability is irrelevant; what matters is the effect of disability on an individual's life. Albertson's Inc. v. Kirkingburg, 527 U.S. 555, 566 (1999). Disability is broadly defined with respect to the effect on a major life activity; however, a plaintiff must still show that she has a "physiological disorder or condition that affects a major body system" if she is alleging a physical impairment. Morris v. BNSF Ry. Co., 817 F.3d 1104, 1110-1111 (8th Cir. 2016). The ADA and ADAAA do not contain a time limitation on a claim of actual, perceived disability; even a temporary disability could bring a Plaintiff within the protections of the ADA according to current regulations. See 29 C.F.R. § 1630.2(j)(ix) ("The effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section."); Hamilton v. Westchester County, 3 F.4th 86, 93-94 (2nd Cir. 2021) (holding that "a short-term injury *can* qualify as an actionable disability under the ADA" (emphasis in original)).

The Complaint does not set forth what major life activity Plaintiff was prevented from doing as a result of her short and temporary illness; there is no allegation that she has a "record of such an impairment"; nor is there an allegation that any impairment was not transitory in nature (i.e. lasted for 6 months or more) in order to show that she was regarded as having an impairment. 42 U.S.C. §12102(1), (2), and (3). There is no allegation that Plaintiff suffers from "long Covid" symptoms such that she *may* be considered disabled within the meaning of the act under regulations and guidance. See U.S. Dep't of Health & Human Serv., Guidance on 'Long Covid' as a disability Under the ADA, Section 504, and Section 1557, https://www.hhs.gov/civil-rights/for-providers/civil-rights-covid19/guidance-long-covid-

disability/index.html (last visited August 17, 2022); U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, WHAT YOU SHOULD KNOW ABOUT COVID-19 AND THE ADA, THE REHABILITATION ACT, AND OTHER EEO LAWS (2022), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#N (follow "N. COVID-19 and the Definition of 'Disability' Under the ADA/Rehabilitation Act" hyperlink) (last visited August 18, 2022). And, Plaintiff has pointed to no case authority finding that a short-term Covid-19 infection with short-term and resolved symptoms amounts to a disability under the ADA. See Worrall v River Shack, et al., 2022 WL 3371345, *3-4 (N.D Tex. 2022) (Finding that a Covid-19 infection is not a disability within the meaning of the ADA and collecting cases); Roman v. Hertz Local Edition Corp., 2022 WL 1541865, *7-8 (S.D. Cal. 2022) (same); McKnight v. Renasant Bank, 2022 WL 1342649, *3 (N.D. Miss. 2022) (same); Baum v. Dunmire Property Management, Inc., 2022 WL 889097, *4-5 (D. Colo. 2022) (same). Without more, Plaintiff's complaint fails to set forth a plausible claim for relief.[2]

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and the Complaint is **DISMISSED without prejudice**. Plaintiff is granted leave to file an Amended Complaint within two weeks of the date of this Memorandum and Order.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of August, 2022

---

[2] In light of this conclusion, it is unnecessary to discuss the additional arguments made by Defendant in its reply brief, to which Plaintiff has not had an opportunity to respond.