UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22 CV 710 JMB |
| | ) |
| L. KEELEY CONSTRUCTION, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Nicole Anderson's Motion to Reconsider (Doc. 25). For the reasons set forth below, the motion is **DENIED**.

## **Background**

Plaintiff Nicole Anderson filed a complaint on July 5, 2022 (Doc. 1), alleging that her employment was terminated in violation of the Americans with Disabilities Act (ADA), 41 U.S.C. §§ 12101, *et seq*. and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*. She specifically alleged that she was employed by L. Keeley Construction as a laborer at the Centene Stadium construction site. In late December, 2020, she contracted a COVID-19 infection and became ill, an illness that included COVID-19 related pneumonia requiring an emergency room visit. After the illness abated and after the recommended quarantine period elapsed, she was ready and willing to return to work on January 11, 2021. However, her employer informed her a few days earlier that her position had been filled and that her employment was terminated.

On August 22, 2022, Plaintiff's complaint was dismissed without prejudice with leave to file an amended complaint (Doc. 17). Since that time, Plaintiff's counsel was granted leave to withdraw and Plaintiff was given until October 25, 2022 to acquire new counsel or file an amended

complaint (Docs. 19, 21, and 24). On October 25, 2022, Plaintiff filed the pending motion which, although entitled a motion to reconsider, appears to be an amended complaint.

In her motion/amended complaint, Plaintiff now asserts that she was discriminated against on account of her race and sex when her employment was terminated on January 7, 2021. She states that despite being an outstanding employee, when she was asked to train two new employees in her job duties and complained about a lack of social distancing in light of the COVID-19 pandemic, her concerns were dismissed, she was berated by her supervisor or co-worker, her duties were cut, she was placed in an undesirable position, and her employment was eventually terminated. Plaintiff asserts that she timely filed a charge with the Equal Employment Opportunity Commission (EEOC) and that she "has exhausted her administrative remedies." Defendant L. Keeley Construction filed a response in opposition (Doc. 26) arguing that Plaintiff has not shown an entitlement to reconsideration and, to the extent that the filing is a complaint, it is insufficient because she failed to attach her Charge of Discrimination and her Right to Sue letter, both of which are necessary to file a civil right complaint in federal court. (Doc. 26).

## Discussion

To the extent that Plaintiff seeks reconsideration, she does not indicate the basis of her motion and she does not identify the Order or ruling of which she seeks reconsideration. The Federal Rules of Civil Procedure do not mention motions to reconsider. Instead, Plaintiff must seek to relief pursuant to Rule 59(e), which allows for relief from judgment, or Rule 60(b), which allows for relief from a judgment, order, or proceeding. No judgment has been entered in this case; therefore, Plaintiff must show that she is entitled to relief pursuant to Rule 60(b) which is an extraordinary remedy granted in only exceptional circumstances. Buck v. Davis, __ U.S. __, 137 S.Ct. 759, 777-778 (2017). Even if Plaintiff did indicate what type of reconsideration she seeks,

she has not set forth what exceptional circumstances exist and the Court finds that no extraordinary circumstances exist.

Instead, she has filed what appears to be an amended complaint in which she changes the theory of her case: that she was discriminated against on account of her sex and race and not on account of a disability as previously alleged.  In response, Defendant argues that she has not supported her claims with facts, has not attached her Charge of Discrimination ("Charge") and/or Right to Sue letter from the EEOC, and that it is apparent from the face of the complaint that she has not exhausted her administrative remedies.

The Court should "liberally construe" complaints filed by *pro se* parties and need only determine whether the complaint is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  However, even a *pro se* complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

Plaintiff alleges that she was employed by Defendant, that she is an African American woman, that she was performing her job satisfactorily, and that her employment was terminated because of her race and sex.  She provides the dates of her employment, the job duties that were taken away, the undesirable job duties that were assigned, various interactions with supervisors and other employees, and that there was no justification for her termination.  While sparse, Plaintiff has alleged sufficient facts to make her claims plausible and to raise a right to relief above the speculative level.  She has alleged enough to assert that she was impermissibly discriminated

against when her employment was terminated in violation of Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000e-2, *et seq.*

Plaintiff has not, however, attached either her Charge or her Right to Sue Letter and Defendant argues that failure to do so must result in dismissal.  See Dugger v. Jay's Corner Store, 2022 WL 2452625, *3 (2022) (Limbaugh, J), Jones v. City of St. Louis, 2022 WL 2072650, *3 (2022) (Perry, J); Brooks v. Wilkie, 2022 WL 782296, *2 (022) (Schelp, J); Williams v. FedEx, 2021 WL 5937429, *4 (2021) (Cohen, J); Adkins v. Downtown Dental Associates, 2021 WL 63536, *1 (2021) (Hamilton, J), and Allen v. Amazon.com, Inc., 2021 WL 5050052, *3 (2021) (Fleissig, J) (each case directing or approving of the filing of the Charge of Discrimination and Right to Sue letter with a *pro se* complaint); but see Miles v. Bellfontaine Habilitation Center, 481 F.3d 1106, 1107 (8th Cir. 2007) ("We know of no authority requiring Miles to attach her EEOC charge to her complaint, or to provide additional support for her unchallenged complaint allegations.").  Without filing of the Charge and the Right to Sue letter, it is unclear from the complaint whether Plaintiff has exhausted her administrative remedies or whether the claims in her complaint are contained in the Charge.  While the Court is mindful that these are affirmative defenses, the delay in this case in determining these threshold issues will unnecessarily prejudice Defendant and unnecessarily prolong resolution of this case.

Accordingly, in order to move these proceedings along and ensure a "just, speedy, and inexpensive determination" of this matter consistent with Federal Rule of Civil Procedure 1, the following is hereby **ORDERED**:

1. The Clerk of Court is **DIRECTED** to send to Plaintiff, along with a copy of this Memorandum and Order, a form civil rights complaint.

      2.  Plaintiff is **DIRECTED** to fill out the form complaint and to submit it, along with her Charge of Discrimination and Right to Sue Letter, to the Clerk of Court for docketing by <u>November 18, 2022.</u>

      3.  Plaintiff **WARNED** that the failure to do so by the deadline **SHALL** result in dismissal of this case, with prejudice.

                                     ***/s/ John M. Bodenhausen***
                                       JOHN M. BODENHAUSEN
                                       UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2022